Dear Director Dirck,
¶ 0 This office has received your request for an Opinion addressing the following questions:
1. Does a duly created campus police department have theauthority to appoint and commission reserve officers?
2. If campus police departments have the authority to appointand commission reserve officers, must the reserve officers becertified and trained by the Council on Law Enforcement Educationand Training (C.L.E.E.T.)?
 I.
¶ 1 Oklahoma law recognizes two broad categories of law enforcement officers: (1) police or peace officers and (2) reserve officers or deputies. Police or peace officers are defined in 70 O.S.Supp. 1994, § 3311[70-3311](D)(5) as follows:
 For purposes of this section, a police or peace officer is defined as a full-time duly appointed or elected officer who is paid for working more than twenty-five (25) hours per week and whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, and enforce laws and ordinances of this state, or any political subdivision thereof. . . .
¶ 2 Title 11 O.S. 1991, § 34-101[11-34-101](B) authorizes municipal police chiefs to appoint reserve officers. Section 34-101(B) provides:
 In addition to regular full-time municipal police officers, reserve municipal police officers may also be appointed by the Chief of Police. Reserve municipal police officers shall have the powers, duties and functions as set forth in law or ordinance for regular full-time municipal officers.
¶ 3 Section 34-101(B) further provides that reserve police officers serve on a part-time basis consisting of not more than twenty-five (25) hours per week.
¶ 4 As the statute above indicates, the law clearly authorizes municipal police departments to appoint reserve officers. In order to determine whether campus police departments may, like municipal police departments, appoint reserve officers, the Campus Security Act, found at 74 O.S. 1991, §§ 360.15[74-360.15] etseq., must be reviewed.
¶ 5 The Campus Security Act enables campus police departments to exercise the same authority as municipal police departments. Title 74 O.S. 1991, § 360.17[74-360.17](C) reads as follows:
 As limited by law, the provisions of this section, and the governing board, the campus police department shall have the same authority as a municipal police department.
¶ 6 This authority includes the ability to appoint and commission reserve officers as set forth in 11 O.S. 1991, §34-101[11-34-101](B). Because there are no laws limiting the authority to appoint and commission reserve officers, campus police departments may appoint and commission reserve officers pursuant to 11 O.S. 1991, § 34-101[11-34-101](B) and 74 O.S. 1991, §360.17[74-360.17](C).[1]
 II.
¶ 7 Your second question actually raises two issues — whether campus reserve officers must be certified by C.L.E.E.T. and whether campus reserve officers must be trained by C.L.E.E.T.
¶ 8 As stated above, campus police departments have the same authority as municipal police departments to appoint and commission reserve officers. Title 11 O.S. 1991, § 34-101[11-34-101](B) states that reserve municipal officers must meet the minimum requirements of 70 O.S.Supp. 1994, § 3311[70-3311]. According to 70O.S.Supp. 1994, § 3311[70-3311](D)(2), a person may not be certified as a police or peace officer in Oklahoma unless certain criteria are met. For instance, the employing agency must determine that the person has no felony conviction record (or crime involving moral turpitude), the person must undergo specified psychological evaluations, and the person must have a GED or equivalency certificate. Furthermore, according to Section 3311(D)(2), C.L.E.E.T. must determine that the person:
 [H]as satisfactorily completed a basic police course of not less than one hundred twenty (120) hours of accredited instruction for reserve police officers and reserve deputies and not less than three hundred (300) hours for full-time salaried police or peace officers from the Council or curriculum or course of study approved by the Council.
(Emphasis added.)
¶ 9 These provisions clearly state that no person may be certified as a police officer or reserve officer until, among other things, C.L.E.E.T. has determined that he or she has completed a police course either from C.L.E.E.T. or approved by C.L.E.E.T. As such, reserve campus officers must be certified by C.L.E.E.T., and they must either be trained by C.L.E.E.T. or complete C.L.E.E.T.-approved training.
¶ 10 It is therefore the official Opinion of the AttorneyGeneral that:
1. Because there are no limitations imposed by law, a dulycreated campus police department has the authority, pursuant to74 O.S. 1991, § 360.17(C) and 11 O.S. 1991, § 34-101(B),to appoint and commission reserve officers.[2]
2. Reserve campus officers must be certified by the Council onLaw Enforcement Education and Training and must either be trainedby the Council or complete Council-approved training pursuant to70 O.S. 1991, § 3311[70-3311] et seq.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JUDY A. TERRY ASSISTANT ATTORNEY GENERAL
[1] This opinion does not address whether a particular governing board has imposed any such limitation. A review of the pertinent rules, regulations or policies of a governing board would be necessary to determine this.
[2] See Note 1.